1  MILLS SADAT DOWLAT LLP
   Camron Dowlatshahi (SBN 308618)
2  Iman Alamdari (SBN 345755)
   333 South Hope Street, 40th Floor
3  Los Angeles, CA 90071
   Tel.:   (213) 628-3856
4  Email: camron@msdlawllp.com
   Email: iman@msdlawllp.com
5
   Globalwide IP
6  Aaron Archambault, Esq.  (*Pro hac vice application forthcoming*)
7  New Hampshire Bar No. 276308
   Email:Aaron.Archambault@globalwideip.com
8

9  Attorneys for Defendant
   Dahlen Kok Han Wee
10

11                    **UNITED STATES DISTRICT COURT**

12                    **CENTRAL DISTRICT OF CALIFORNIA**

13

| MADALUXE GROUP, LLC, | Case No. 8:22-cv-1926 |
|---|---|
| Plaintiff, | Judge: Hon. Judge John W. Holcomb |
| v. | **DEFENDANT DAHLEN KOK HAN WEE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF MADALUXE GROUP, LLC'S COMPLAINT** |
| DAHLEN KOK HAN WEE, | |
| Defendants. | |

## NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

PLEASE TAKE NOTICE THAT on April 28, 2023 at 9:00 a.m. before the Honorable John W. Holcomb in Courtroom 9D, 9th Floor, of the United States District Court located at 411 W. 4th Street, Santa Ana, California 92701, or at such other time and place as shall be noticed by the Court, Defendant Dahlen Kok Han Wee ("Defendant" or "Ms. Wee") will move and hereby moves this Court for an order dismissing Plaintiff's First Amended Complaint ("FAC") filed on February 27, 2023 pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that this Court lacks subject matter jurisdiction to hear the matter at hand, and pursuant to Federal Rule of

Civil Procedure 12(b)(6) on the grounds that Plaintiff has failed to state a claim against Defendant for which relief may be granted.

This Motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Camron Dowlatshahi, the pleadings and files in this action, and such other argument and evidence as may be presented to the Court at or prior to the hearing on the Motion to Dismiss.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Despite amending its complaint, Plaintiff Madaluxe Group, LLC ("Plaintiff")'s first amended complaint ("FAC") suffers from the same deficiencies as its original complaint—namely, that Plaintiff's complaint fails to establish subject matter jurisdiction because of the value of its alleged claims, its lack of an imminent threat of litigation, its failure to apprise the court of the work(s) at issue, and its failure to identify basic information which would allow Defendant to assess the claims at hand or to prepare a proper defense.

The parties have previously litigated and resolved issues related to Plaintiff's breaches of an agreement for Defendant's provision of photography and creative direction services. In the case styled as *Dahlen Kok Han Wee v. Madaluxe Group, LLC*, 1:21-cv-02885-RPKTAM (E.D.N.Y. Dec. 8, 2021), Plaintiff breached its agreement with Defendant by failing to pay Defendant for the services rendered. Defendant and Plaintiff settled the matter, and as part of the settlement, entered into an agreement in or about November 2021 (the "Agreement"), in which Defendant would continue to provide photography and creative direction services to Plaintiff for additional sums of money.

However, similar to the issues that gave rise to the first suit between the parties, Plaintiff again summarily refused to provide payment for the services Defendant rendered. On October 20, 2022, with approximately $36,043.75 due and owing to Defendant, Plaintiff filed its original complaint for declaratory judgement in this Court (Dkt. No. 1.)—despite the fact that the parties previously litigated in New York, most of the relevant events occurred in New York, and Defendant is a resident of New York—in a blatant effort to impose unnecessary legal costs on

1  Defendant, in the hopes that she would ultimately waive her right to future payment under the
2  terms of the Agreement, or accept a significantly reduced amount as part of any renewed
3  settlement agreement.  Clearly, Plaintiff's breach of contract claim, which specifically calls for an
4  order stating that Plaintiff "satisfied its obligations under the Agreement, including without
5  limitation paying Defendant all she is owed pursuant to the Agreement" (Dkt. No. 32, ¶ 33) fails to
6  meet the jurisdictional requirements of 12(b)(1) because the amount in controversy was
7  significantly less than $75,000 at the time Plaintiff filed its complaint.

8  In addition, the FAC requests this Court find that "Plaintiff has not infringed upon any
9  copyrights of Defendant." Dkt. No. 32, ¶25.  Defendant, however, by or through her counsel, has
10 not threatened any formal legal action for any issues related to copyright.  Moreover, Plaintiff has
11 failed to identify the relevant copyrights at issue and has failed to file the required AO-120 form
12 this Court has previously ordered it to file. Dkt. No. 9.  Notably, counsel for Defendant has offered
13 to agree not to bring any claim for copyright infringement before this Court, yet Plaintiff has
14 insisted on a global release not limited in any way by time or scope, essentially arguing that
15 Defendant should release her right to pursue claims of copyright infringement, should Plaintiff
16 violate her rights at any point in the future in any jurisdiction.  (Declaration of Camron
17 Dowlatshahi ("Dowlatshahi Decl.") at ¶ 8-9.)

18 Plaintiff's declaratory judgment action is premature, fails to meet the jurisdictional
19 threshold pursuant to 12(b)(1), and fails to identify relevant copyrights at issue.  Because it has
20 failed to meet the requirements of Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and this
21 Court should dismiss the FAC.

22 **II.     FACTUAL AND PROCEDURAL BACKGROUND**

23 In early 2021, Defendant filed suit against Plaintiff after Plaintiff failed to pay Defendant
24 for rendered photography and creative direction services. *Wee v. Madaluxe Group, LLC*, 1:21-cv-
25 02885-RPKTAM (E.D.N.Y. Dec. 8, 2021) (the "NY Case").

26 As part of their settlement, in or about November 2021, the parties entered into separate
27 agreement (the "Agreement") in which Defendant would provide photography and creative
28

3

COMPLAINT

1  direction services to Plaintiff for additional sums of money.  Again, however, Plaintiff has
2  summarily refused to pay Defendant for her services.
3        Defendant, a non-native English speaker, attempted to resolve Plaintiff's breach by
4  engaging in informal email conversations about outstanding payments owed to her.  Dowlatshahi
5  Decl. at ¶ 2; *see also* Dkt. 33.   Contrary to Plaintiff's contentions, at no point did Defendant make
6  specific monetary demands which exceeded $75,000.
7        The Agreement provided, amongst other provisions, that Defendant would complete two
8  photoshoots within a 15-month period which began on January 1, 2022; Plaintiff would pay
9  Defendant $80,000 by December 31, 2021 for services rendered; and Plaintiff would pay
10  Defendant a remaining $160,000 by December 31, 2022 for her creative direction and photography
11  services, regardless of whether Plaintiff canceled the second shoot. Dowlatshahi Decl. at ¶ 3, Ex.
12  A.
13        Plaintiff, however, refused to pay Defendant.  On October 6, 2022, Defendant stated that if
14  she was not paid the owed and due sum of money, "the other route will not be pleasant, once I start
15  the process, this time my lawyer will want to see it to the end, which is in federal court . . . ." (Dkt.
16  No. 33; Dkt. No. 32, ¶20.)—implying that she would retain an attorney—not that she had retained
17  one and was preparing to file suit.
18        Fourteen days later, without any response to Defendant's October 6, 2022 email, on
19  October 20, 2022, Plaintiff filed a complaint for declaratory judgement for an order stating that
20  Plaintiff has not infringed upon any of Defendant's alleged copyrights and that Plaintiff has not
21  breached the Agreement and does not owe Defendant any additional payments.
22        Plaintiff's original complaint failed to identify the  copyrighted work at issue and stated in
23  conclusory fashion that it met jurisdictional requirement.  (Dkt. No. 1.)  Even after amending its
24  complaint, Plaintiff continued to evade this Court's requirement to identify copyrighted work at
25  issue, and has failed to file the necessary AO-121 form, preventing Defendant from receiving
26  adequate notice of Plaintiff's claims.
27        Moreover, as of the date of Plaintiff's filing of its complaint, Defendant was owed
28  approximately $36,043.75 for services rendered—significantly less than the jurisdictional

minimum for this Court. Dowlatshahi Decl. at ¶ 7, Ex. B. At the time of Plaintiff's initial filing on October 20, 2022, Plaintiff had made partial payments to Defendant, resulting in a remaining balance of approximately $36,043.75 owed to Defendant. Furthermore, Plaintiff's assertion that it paid "Defendant all she is owed pursuant to the Agreement" is factually impossible, as Plaintiff was set to provide Defendant with another payment in December 2022 pursuant to the Agreement. (*Id* at ¶ 3, Ex. A.)

### III. ARGUMENT

#### a. Legal Standard

##### i. Rule 12(b)(1) – Lack of Subject Matter Jurisdiction

Pursuant to Federal Rules of Civil Procedure Rule 12(b)(1), this Court must grant Defendant's motion to dismiss if this Court lacks subject matter jurisdiction to hear the claims at issue. Fed. R. Civ. P. 12 (b)(1). Importantly, Plaintiff as the party seeking to invoke this Court's jurisdiction, bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.* 511 U.S. 375, 377 (1994).

A Rule 12(b)(1) jurisdictional attack "may be facial or factual." (*Purely Driven Products, LLC v. Chillovino, LLC*, 171 F.Supp.3d 1016, 1018 (C.D. Cal. 2016) ("*Purely Driven*"). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In such instances, the "Court must 'assume [Plaintiff's] allegations to be true and draw all reasonable inferences in his favor.'" *Id.*

However, in a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* Then, if the movant "convert[s] the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (internal quotation marks and citation omitted). "In reviewing factual attacks, '[t]he court need not presume the truthfulness of the plaintiff's allegations.'" *Id.* That is because the "[p]laintiff bears the burden of establishing federal subject matter jurisdiction." *Id.* Furthermore, the Court may "consider evidence beyond the pleadings in reviewing a 12(b)(1) factual attack[.]" *Id.* Moreover, in circumstances where the

5

issues of jurisdiction and substance are intertwined, as is the case here, the Court "may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'" *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

### ii. Rule 12(b)(6) – Failure to State a Claim

The Court must dismiss a case when the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). A Rule 12(b)(6) dismissal is appropriate where a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory" exists. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). For a complaint to survive a motion to dismiss, it must contain sufficient factual matter, which when accepted as true, "state[s] a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In the context of a motion to dismiss, the complaint at issue is typically construed in favor of plaintiff and its allegations are taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983). However, mere bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009) In order for the complaint to state a plausible claim for relief, it "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In sum, this standard requires that a complaint "'give the defendant fair notice of what the … claim is and the grounds upon which it rests[.]'" *Twombly*, 550 U.S. 544 at 555.

### b. No Case of Actual Controversy Exists Between Plaintiff and Defendant

According to this Court in *Purely Driven* "[t]o demonstrate that a case or controversy exists, a declaratory judgment plaintiff must prove that the facts alleged, 'under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Purely Driven*, 171 F. Supp. 3d 1016 at 1018.

In *Purely Driven*, this Court held that there was no case of actual controversy between the parties because "there [was] no evidence that Defendants ha[d] threatened to file or filed any

1  infringement claims against Plaintiffs, and the Defendants expressly disclaimed threatening
2  Plaintiffs with an infringement action." *Id.* at 1019.  There, the plaintiff applied to register its
3  trademark with the United States Patent and Trademark Office ("USPTO"), where it was published
4  for opposition and subsequently opposed by the defendants.  The plaintiff sought a declaratory
5  judgment against the defendants for (1) "no trademark infringement or unfair competition; and (2)
6  declaratory judgment of Plaintiffs' right to use and register the mark" in question.  *Id.* at 1018.
7  This Court held there to be no case or controversy between the parties, as required by 12(b)(1),
8  because the Defendants had not threatened to file or filed any infringement claims against
9  Plaintiffs.  Additionally, Defendants expressly disclaimed threatening Plaintiffs with an
10 infringement action in USTPO proceedings . *Id.* at 1019.

11     Here, akin to the defendant in *Purely Driven*, Defendant did not threaten Plaintiff with a
12 copyright infringement action in federal court.  Plaintiff utilizes several email correspondences
13 with Defendant to incorrectly allege the basis for an imminent threat of infringement litigation.
14 Dkt. No. 33.

15     Defendant begins the email with the following statement "I am sadden by the closure of
16 Jaunt … but I understand you must have been under enormous pressure to even come to this point
17 of action, whatever that maybe, my heart is with you and I support you 100%."  The tone of the
18 email is clearly non-threatening, and Defendant clearly views Plaintiff as a friend.

19     As attached in Plaintiff's FAC, the entirety of the highlighted portion reads as follows: "2.
20 Payment/settlement in regards to the plagiarism/copyright infringement - this is a big amount and I
21 do not want any problem. I hope we can settle this between us amicably - this must be clear and
22 fair to avoid legal involvement. This can be paid via installment if necessary and within an agreed
23 time frame :)"  As illustrated by the use of a smiley-face and the desire to avoid "legal
24 involvement," the tone of this email is, again, clearly non-threatening.

25     Finally, Defendant ends the email with: "I am and will always be your biggest fan … and I
26 will always be there for you in anyways ❤☺ xoxo".

27     Even if the beginning and middle of this email failed to illustrate the non-threatening
28 candor of this correspondence, the final line of the email surely does. The correspondence does not

1  reflect a threat of imminent legal action for infringement—it is Defendant amicably attempting to
2  receive payment pursuant to the Agreement.  This is further evidenced by the fact that, Defendant
3  expressly stated that she "does not want any problem[s]."

4  Plaintiff also cites an October 6, 2022 correspondence to disingenuously support its claim
5  of an imminent threat of an infringement action.  At the time of Defendant's October 6, 2022,
6  correspondence, Defendant had not yet retained counsel and made no imminent threats to file
7  infringement claims against Plaintiff.    Defendant's October 6th email was regarding the possible
8  *breach of contract* claim that she felt was occurring.  Dkt. No. 33  Defendant is non-native English
9  speaker, and her email was misinterpreted by Plaintiff.  Dowlatshahi Decl. at ¶ 2.  Defendant's
10 October 6, 2022 email to Plaintiff stated: "the other route will not be pleasant, once I start the
11 process, this time **my lawyer** will want to see it to the end, which is in federal court."  Dkt. No. 33.
12 Defendant had no intentions of bringing action in federal court and expressly states that it would
13 be her *attorney's* desire to do so—not hers.  Moreover, this was in regard to Plaintiff's over-due
14 balance to Defendant for services rendered as agreed upon in their settlement of the NY Case.  At
15 the time, Defendant was referring to her prior counsel used in the NY Case and the fact that he
16 successfully settled a dispute with a nearly identical set of issues.

17 This Court has repeatedly dismissed premature declaratory judgment actions. For example,
18 in in *Nestle USA, Inc. v. Crest Foods, Inc.* that "[Defendant] Crest d[id] not allege that Nestle
19 Canada took any action sufficient to create a controversy that warrant[ed] a declaratory judgment
20 action.  For example, [Nestle] ha[d] not initiated claims or sent a cease and desist letter." *Nestle*
21 *USA, Inc. v. Crest Foods, Inc.*, LACV1607519JAKAFMX, 2017 WL 3267665, at *18 (C.D. Cal.
22 July 28, 2017).   Like the plaintiff in *Nestle USA Inc.*, Defendant did not initiate claims against
23 Plaintiff, nor did Defendant send Plaintiff a cease-and-desist letter.

24 Here, Defendant made no specific threats to file infringement claims against Plaintiff, had
25 not retained counsel at the time of the October 6, 2022, correspondence, and made no statements
26 regarding her rights to damages.  The email correspondences between Defendant and Plaintiff,
27 when contextualized, clearly demonstrate Defendants' lack of a desire to resolve the dispute with
28 litigation, attempting to remain as friendly and cordial as possible.  More importantly, the

correspondence is about payment owed to Defendant—not an imminent threat of infringement suit. As a result, and in line with this Court's decision in *Purely Driven*, here, Plaintiff failed to demonstrate that Defendant did anything to establish that there was a "substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Purely Driven Products, LLC*, 171 F. Supp. 3d at 1018.

Consequently, Plaintiff failed to allege a true case of actual controversy between the parties as no proper threat of a copyright infringement action was made by Defendant.

### c. Plaintiff's Copyright Claims are Unanswerably Vague and Ambiguous.

Plaintiff's amended complaint cites to *Reed Elsevier, Inc. v. Muchnick* 559 U.S. 154, 157 (2010), for the proposition that "[w]hile 17 U.S.C. § 411(a)'s registration requirement is a precondition to filing an infringement claim, it "does not restrict a federal court's subject matter jurisdiction."

However, while registration itself may not restrict a federal court's subject matter jurisdiction, the failure to properly assert a copyrighted work at issue does. *Rosenfeld v. Twentieth Century Fox Film*, No. CV 07-7040 AHM (FFMx)) 2008 U.S.Dist.LEXIS 92099, at *19 (C.D.Cal. Sep. 25, 2008 ("Rosenfeld").

In *Rosenfeld*, this Court found the "factual record [to be] one-sided" as only the Defendant submitted any evidence. *Id.* This Court went on to say that "[a]s a result of Plaintiffs' defective pleading, "the copyrighted work and the alleged infringement" are not both before the court, "capable of examination and comparison." *Id.* Furthermore, in *Rosenfeld*, "Defendants even invited Plaintiffs to specify the copyrighted works at issue in an amended complaint, but Plaintiffs refused." *Id.* This Court held that the "vagueness of Plaintiffs' claim precludes the Court from determining whether their pleading allegations are contradicted by judicially noticeable copyrighted works." *Id.*

Here, like in *Rosenfeld*, Plaintiff failed to present the copyrighted work as issue, precluding the "Court from determining whether their pleading allegations are contradicted" *Id*. In a further similarity to *Rosenfeld*, Defendants here invited Plaintiff to specify the work(s) at issue in their amended complaint, as this Court also implored it to do via the filing of the required AO-121 form.

1  However, Plaintiff summarily refused to do so, and to date, has failed to identify the work(s) at
2  issue.
3      To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient
4  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Ashcroft*,
5  556 U.S. 662 at 678.  Furthermore, the Court is "not bound to accept as true a legal conclusion
6  couched as a factual allegation." *Id.*
7      The FAC states in conclusory fashion that Plaintiff "has not infringed upon any copyrights
8  of Defendant." Dkt. No. 32, ¶25.  This is a legal conclusion couched as a factual allegation.
9  *Ashcroft*, 556 U.S. 662 at 678.  Moreover, a complaint must "'give the defendant fair notice of
10 what the … claim is and the grounds upon which it rests[.]'" *Twombly*, 550 U.S. 544 at 555.
11 Here, the FAC fails to identify basic information which would allow Defendant to assess the
12 claims at hand or to prepare a proper defense.  To-date, Plaintiff has failed to identify the work(s)
13 it seeks a declaratory judgment upon.  Plaintiff has repeatedly failed to file its required AO-121
14 form, thereby evading this Court's procedural requirements, and precluding Defendant from being
15 reasonably apprise as to the specific claims at issue.  Dkt. No. 14.  Moreover, in failing to provide
16 specific works upon which Plaintiff seeks relief, Plaintiff has requested a remedy which this Court
17 cannot provide—as this Court itself has not been apprised of the copyrighted work(s) at issue and
18 cannot provide a judgment upon undeclared work(s).
19     Plaintiff's failures to abide by the Court's procedures, as well as its Complaint's vague and
20 ambiguous claims, preclude a finding that the Complaint "'contain[s] sufficient factual matter . . .
21 to "state a claim to relief that is plausible on its face'" because there is no way for Defendant to
22 ascertain which of her photographic works Plaintiff now seeks declaratory judgment upon.
23     As a result of these deficiencies, the FAC should be dismissed pursuant Rule 12(b)(6).

### d. This Court Lacks Subject Matter Jurisdiction Over the Copyright Claim Under 28 U.S.C. § 1338 Because Plaintiff Failed to File the Required AO-121 Form

27 Pursuant to Rule 3 and Local Rule 3-1, "[i]n all cases where jurisdiction is invoked in
28 whole or in part under 28 U.S.C. § 1338…the attorney or party presenting the matter must also

provide…the required notice to the Copyright Office in copyright matters (Form AO-121)." (Fed. R. Civ. P. 3; C.D. Cal. Ct. R. 3-1.) Furthermore, under Local Rule 7-12, a party's "failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion[.]" *See* C.D. Cal. Loc. R. 7-12.

Here, as alluded to above, Plaintiff has continued to ignore this Court's orders and has refused to produce the required AO-121 form, asserting that the onus is upon Defendant to provide it with the copyrighted work(s) at issue.  This is simply not the case,  as the "*party presenting the matter* must also provide…the required notice," (C.D. Cal. Loc. R. 3-1.) and in the instant matter, the Plaintiff has refused to do so.

The logic behind Plaintiff's failure is simple—Plaintiff is unaware of the alleged work(s) at issue and hopes that it can strongarm Defendant into pleading its case for it.  In failing to identify the work(s) at issue via the AO-121 form, Plaintiff has failed to invoke subject matter jurisdiction under 28 U.S.C. § 1338, failed to apprise the Defendant of the claims at issue, and failed to state a claim upon which this Court may provide a remedy for—as this Court has no way of determining the work(s) at issue or for which a judgment is sought upon. Additionally, Plaintiff's failure to file the required document, the AO-121 form, "may be deemed consent to the granting…of the motion" for dismissal under 12(b)(1) and 12(b)(6).  *See* C.D. Cal. Loc. R. 7-12.

Therefore, this Court lacks subject matter jurisdiction over Plaintiff's copyright claims under 28 U.S.C. § 1338 and this Court should dismiss Plaintiff's copyright claim.

### e. This Court Lacks Subject Matter Jurisdiction Over the Contract Claim Because, at the Time of Filing, the Breach of Contract Claim Did Not Exceed $75,000.

"When a plaintiff files suit in federal court, we use the 'legal certainty' test to determine whether the complaint meets § 1332(a)'s amount in controversy requirement." *Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015).  "Under this test, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" *Id*. at 1040.  Additionally, "[t]he amount in controversy . . . is the 'amount at stake in the underlying litigation.'" *Chavez v.*

*JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018); *see Cain v. Hartford Life and Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1248 (C.D. Cal. 2012).  The *Chavez* court explained that "[t]he amount in controversy is determined by the complaint operative **at the time of removal** and encompasses all relief a court may grant on that complaint if the plaintiff is victorious."  (*Id.* at 414-15.) (emphasis added).  "When we say that the amount in controversy is assessed at the time of removal, we mean that we consider damages that are claimed at the time the case is removed by the [removing party]."  (*Id.*)

Here, as of October 20, 2022, the "amount at stake in the underlying litigation" was less than $75,000, specifically it was $36,043.75.  Dowlatshahi Decl. at ¶ 7, Ex. B.  On September 14, 2022, Defendant sent Plaintiff correspondence "alleging that Plaintiff was in breach of the Agreement, as [Defendant] was owed a significant amount of money." Dkt. No. 32, ¶13.  While the contract, in its totality, was for more $200,000, as the time of Plaintiff's filing of its original complaint, the total amount owed or at stake was only was $36,043.75 as the Agreement's second required payment was not yet due until December 31, 2022.

Though the Complaint asserts that Defendant's monetary demands were "well in excess of $75,000,", and at the time of filing, the amounts at issue is only $36,043.75—far below the $75,000 requirement.  Dkt. No. 32, ¶13.

Notably, "'[c]onclusory allegations as to the amount in controversy are insufficient.'"  *Chavez*, 888 F.3d at 416; see also *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017).  In *Matheson v. Progressive Specialty Ins. Co.*, the court held that it was not facially evident from the complaint that the controversy implicated more than $75,000.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003).  The court stated, "[t]he complaint seeks 'in excess' of $10,000 for economic loss, 'in excess' of $10,000 for emotional distress, and 'in excess' of $10,000 for punitive damages, but how much 'in excess' is not explained." *Id*.

As to Plaintiff's allegations concerning the amount in controversy, the FAC merely asserts in conclusory fashion that "[a]ll of [Defendant's] monetary demands were well in excess of $75,000," and that "[o]n October 6, 2022, Defendant responded by reiterating her monetary

damages (which are well in excess of $75,000)." Dkt. No. 32, ¶13; ¶17 . These are conclusory allegations that are insufficient because Defendant never demanded a specific sum of money in her communications with Plaintiff, no additional money was due at the time pursuant to the Agreement, and Defendant has failed to state the specific amount at issue. Notably, Defendant never made a specific monetary demand to Plaintiff prior to Plaintiff's filing of its complaint.

Plaintiff has failed to allege any facts—and not mere conclusions—that establish that the amount in controversy at the time of Plaintiff's filing of its original complaint, exceeded the $75,000 threshold.

As a result, Plaintiff has failed to meet the requirements of 28 U.S.C. § 1331, forgoing any possibility of this Court from asserting jurisdiction on that basis.

### IV.  CONCLUSION

This Court should dismiss Plaintiff's Complaint as Plaintiff has failed to surpass Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Dated: March 24, 2023                                   MILLS SADAT DOWLAT LLP

By: _____
Camron Dowlatshahi

Attorneys for Defendant
Dahlen Kok Han Wee